Milligan, J.,
delivered the opinion of the Court.
*268 This is an action founded upon the following instrument, viz:
“Received of Messrs. Inman, Gault & Co., of Louisville, the sum of four hundred and ninety-three 79-100 dollars, to he remitted to them at Louisville.
“April 11, 1861. Jos. R. Williams.”
To the declaration the defendant below filed a special plea; to which there was a demurrer, which was sustained by the Court; and the defendant failing to plead over, judgment final by default was taken against him.
T}ie cause is brought here by appeal. Two questions are presented in the record. 1st, Whether or not' the Court erred in sustaining the demurrer to the special plea; and, 2d, In rendering judgment final by default, without the intervention of a jury?
No serious argument has or can be made in support of the first question. The plea is totally defective, and the demurrer was properly sustained. But a more serious difSculty is presented in the second question.
By the Code, sec. 2951, it is provided: “If the defendant fail to appear and defend at the time indicated by law, judgment by default may be taken against him.”. And by sec. 2952: “In such case, the judgment is final, if the amount of the plaintiff’s claim may be ascertained by simple calculation from the papers. When the amount cannot be thus readily ascertained, the damages will be assessed by a jury impaneled at the same term for the purpose.”
So, “Upon the decision of a demurrer” — sec. 2954— “if the unsuccessful party fail to amend or plead over, *269 a writ of inquiry may be awarded, or judgment rendered, at the same term.”
The term “papers,” from which the amount of the judgment is to be ascertained by a simple calculation, was held, in the case of the Masonic Educational Association of Chattanooga vs. Cook, 3 Head, 313, to refer to the writing or other evidence upon which the action was founded, and not to the pleadings in the cause. Whether the judgment by default is final or interlocutory, depends, in every case, upon the character of the paper upon which the action is founded. If it be such a paper or writing as the amount claimed by the plaintiff can be readily ascertained by simple calculation, it is clear the judgment may be final; but, if otherwise, it is equally clear it must be interlocutory, and a writ of inquiry must be awarded, and the amount' of the recovery ascertained by a jury.
In this case interest is claimed in the declaration on the instrument sued on; and the case must .turn upon the fact, whether it is such a writing as, by law, carries interest. The Code, sec. 1945, provides, that: “All bills single, bonds, notes, bills of exchange, and liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned.”
Interest upon the class of cases enumerated in the statute, is a matter of positive law; but, in all others, it is discretionary with the jury, under proper instructions of the Court, to allow it or not. The case in hand does not fall within the class which, by positive *270 law, carries interest; and it may or may not be allowed, as the jury in tbeir discretion, shall determine from the facts and circumstances surrounding it.
It follows, therefore, that the court erred in rendering a judgment final, without the intervention of a jury; for which the judgment must be reversed,, and the cause remanded.